UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DREW RACCA** | **CASE NO.  2:24-CV-01513** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **R U R TRANSPORTATION INC ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the court is a *Motion to Dismiss Great West Casualty Company for Failure to State a Claim Under Rule 12(b)(6)*. Doc. 17.  Plaintiff has filed an opposition to the motion [doc. 19], and the time to reply has passed, making the motion ripe for resolution.  The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

After careful consideration of this motion and the applicable law, for the reasons that follow, **IT IS RECOMMENDED** that the motion be **GRANTED** and that Plaintiff's claims against Great West Casualty Company be **DISMISSED WITHOUT PREJUDICE**.

### Discussion

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the Court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Great West Casualty Company ("Great West") moves to dismiss this matter because a recent amendment to Louisiana's Direct Action statute, La. R.S. § 22:1269, limits a plaintiff's right to bring a direct action against an insurer to seven specific circumstances not applicable here. 2024 La. Sess. Law Serv. Act 275 (H.B. 337). Great West argues that plaintiff has not plead and cannot show that one of those exceptions applies, and therefore plaintiff cannot bring a direct action against Great West. Plaintiff makes no opposition, except to request that the dismissal be without prejudice. Doc. 19.

An initial consideration is whether the 2024 amendment applies here. Plaintiff alleges personal injuries stemming from a motor vehicle collision on January 16, 2024, giving rise to various causes of action against the defendants. Doc. 1. The relevant amendment to the Direct Action statute went into effect on August 1, 2024. *See Hurel v. Nat'l Fire & Marine Ins. Co.*, 2025-0049, 2025 WL 762645 at *4 (La. App. 4 Cir. 3/11/25). Plaintiff filed the complaint in this matter against Great West and the other defendants on November 4, 2024. Doc. 1. Courts interpreting the amendment have reached different conclusions about its retroactive application. *See Hurel,* 2025 WL 762645 at *4–6 (collecting cases). In *Hurel*, however, the court announced

2

the prevailing rule that the "procedural right of action under the Direct Action Statute against . . . the insurer . . . [becomes] operative only when, and if, the remedy served by the Direct Action Statute [is] invoked timely, i.e., before the amendment removed the procedural right of action against an insurer." *Id.*, 2025 WL 762645 at *4.

On facts analogous to those in this case, a neighboring district court concluded that the amended version of the Direct Action statute applies to a suit filed after the effective date of the amendment, even though the underlying accident occurred before the effective date. *Taylor v. Elsesser*, No. CV 24-2888, 2025 WL 471807, at *5 (E.D. La. Feb. 12, 2025). Similarly, a recent decision in this district followed the reasoning of *Hurel* to hold that the amended statute applies where a plaintiff does not assert a direct action against the insurer until after the effective date of the amendment to La. R. S. § 22:1269, regardless of when the underlying injury was sustained and even though the substantive claim against the insured tortfeasor was asserted prior to the effective date of the amendment. *See Landry v. Great American Ins. Co.*, No. 6:24-CV-00039, 2025 WL 2205155, at **3-4 (W.D. La. July 17, 2025), *report and recommendation adopted*, No. 6:24-CV-00039, 2025 WL 2201381 (W.D. La. Aug. 1, 2025). In keeping with these decisions, it is recommended that the amended version of the Direct Action statute applies here.

As of August 1, 2024, the Direct Action statute provides that personal injury plaintiffs and their survivors have no right of direct action against the insurer, with narrowly drawn exceptions:

> The injured person . . . , shall have no right of direct action against the insurer unless at least one of the following applies:
>
> > (a) The insured files for bankruptcy in a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
> >
> > (b) The insured is insolvent.
> >
> > (c) Service of citation or other process has been attempted without success or the insured defendant refuses to answer or otherwise defend the action within one hundred eighty days of service.

3

>(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.
>
>(e) When the insurer is an uninsured motorist carrier.
>
>(f) The insured is deceased.
>
>(g) When the insurer is defending the lawsuit under a reservation of rights, or the insurer denies coverage to the insured, but only for the purpose of establishing coverage.

La. R.S. § 22:1269(omission added). There having been no showing that one of the exceptions applies, dismissal is recommended.

It is further recommended that the dismissal be without prejudice to allow for the operation of La. R.S. § 22:1269(D)(1)(a), which reads, "In those instances where direct action is not otherwise authorized by law, at the time that a judgment is to be entered, or a settlement is reached during the pendency of litigation, a liability insurer may be joined on motion of any party as a party defendant for the purposes of entering final judgment or enforcing the settlement."

For the reasons stated, it is **RECOMMENDED** that the *Motion to Dismiss Great West Casualty Company for Failure to State a Claim Under Rule 12(B)(6)* [doc. 17] be **GRANTED** and that Plaintiff's claims against Great West Casualty Company be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District

Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    **SO ORDERED** at Lake Charles, Louisiana, this 19th day of August, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**