**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**CASE NO.  2:24-CV-01513**

**DREW RACCA**

**VERSUS**                                                      **JUDGE DAVID C. JOSEPH**

**R U R TRANSPORTATION INC ET AL**              **MAGISTRATE JUDGE LEBLANC**

## <u>MEMORANDUM ORDER</u>

Before the court is *Plaintiff's Motion to Limit the Manner, Conditions, and/or Scope of the Examination of Dr. Kevin Bianchini* [doc. 48].  For the following reasons, the motion is **DENIED**.

Defense expert Dr. Bianchini proposes to conduct a "comprehensive" and "routinely administered test battery" that typically "requires approximately nine to eleven hours," or as many as fourteen hours, over the course of two days, to inform his neuropsychological evaluation of plaintiff.  Doc. 48, att. 1.  By prior order on defendants' motion to compel, the court ordered Dr. Bianchini's examination to proceed, but also ordered Defendants to produce "a list of the testing and procedures Dr. Bianchini proposes to administer over the proposed two-day, 14-hour examination period," allowing plaintiff the opportunity to "seek[] modification or limitation of the manner, conditions, and/or scope of the examination" after review of the document.   Doc. 46.

By the instant motion, Plaintiff seeks to limit Dr. Bianchini's examination to one day, not to exceed four hours.  Doc. 48.  Plaintiff argues that the testing information provided by Dr. Bianchini fails to specify the procedures to be administered and thereby fails to justify a 14-hour testing period that plaintiff describes as excessive and oppressive.  Doc. 48.

Consistent with the reasoning of *Augustine v. Safeco Ins. Co. of Oregon*, 2021-01753 (La. 10/21/22), 351 So. 3d 353, 355, the court does not perceive good cause to limit the examination to

1

four hours.    In *Augustine*, the Louisiana Supreme Court reasoned that "[b]y ordering the examination in this case, the district court obviously found defendants demonstrated plaintiffs' mental and physical conditions were in controversy and showed good cause for the additional neuropsychological examination." *Id.* at 355.  The court concluded that the district court therefore erred in limiting the two-day exam to only those tests performed by plaintiffs' treating physicians because the examination should be presumed to be reasonable, and the plaintiff should have shown that special circumstances require a modification of standard protocol.  *Id.*

The document produced by Dr. Bianchini provides an overview of the domains the procedures are designed to evaluate, but it does not list the testing procedures themselves, explaining that "as a matter of practice, we do not provide a specific list of instruments to be administered because research has shown that this may facilitate practices that could result in invalid test results."  Doc. 48, att. 1.  Plaintiff urges the thinness of the description as a basis for limiting the exam to a more reasonable four-hour period typical of psychological examinations. Despite the lack of specificity in Dr. Bianchini's overview, the court accepts his assertions that the standard neuropsychological evaluation may take several hours to perform, and the court perceives no special circumstance requiring modification of the standard protocol.

**SO ORDERED** at Lake Charles, Louisiana, this 24th day of July, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**

2